UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------X
Sharon Williams,
                Plaintiff,
      -against-                                            **COMPLAINT**
                                                                **AND JURY DEMAND**
The City of New York, New York City Police Officers: Gary Scollard,  **18-cv-9016**
And Officers John And Jane Doe #s 1 -10, the names being fictitious
and presently unknown, in their individual and official capacities as
employees of the City of New York Police Department,
                Defendants.
------------------------------------------------------------------------------------------X

      The Plaintiff, Sharon Williams, by her attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, the Fourth, Fifth, Eighth, Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Police Officers Gary Scollard and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

## VENUE

3.     Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in New York County, New York, within the confines of the Southern District of New York.

## PARTIES

4.     Plaintiff at all times relevant hereto resided in the City and State of New York.

5. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

10. That as a result of the foregoing, Defendant CITY OF NEW YORK is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## 16 AUGUST 2015 FACTUAL ALLEGATIONS

11. Plaintiff is a 64-year-old cosmetologist who lives in the Bronx and receives Supplemental Security Income.

12. On 6 October 2015 at approximately 5 a.m. plaintiff was asleep at home, in the vicinity of Rev James A Polite Ave., Bronx, NY, when defendants John and Jane Doe police officers without justification, cause, or explanation arrested plaintiff, handcuffed her behind her back and placed her inside their vehicle which contained other prisoners. Plaintiff demanded an explanation to no avail and stated that she was on

prescription medication for pain and anxiety. She explained to the officers that she needed her medication and requested that either she or the officers bring her medication with her. She was denied.

13. Defendants then drove plaintiff around for approximately five hours.

14. Plaintiff was then taken to the Midtown South Precinct where Defendant Scollard placed her inside a cell. She was denied phone calls and her repeated requests for medication were ignored. She explained that she suffered from anxiety and pain and that the false arrest was causing her to suffer both pain and anxiety. Scollard ignored her and kept her in a cell for hours.

15. Scollard then interrogated her without cause or justification in violation of her rights and showed her surveillance photographs of a person who looked nothing like her allegedly committing a robbery of a Dunkin Donuts and running off. Plaintiff explained that she looked nothing like the alleged robber; she also explained, as Scollard observed, that she was not in the same physical condition as the person in the photographs, and was not able to run the way the person in the photographs ran.

16. Plaintiff remained lodged at the precinct until the evening, denied food, water, medicine, and phone calls. Her requests for medical attention were ignored and her physical and physiological condition worsened as her feelings of pain and anxiety increased to the point she felt physically sick, suffered nausea, and had dizzy spells.

17. In violation of his duty to safeguard plaintiff, Scollard ignored plaintiff's suffering and made it worse by having plaintiff taken to Central Booking shackled hand and foot which caused plaintiff to feel even more physical and physiological pain, nausea and dizziness.

18. Sometime after midnight, plaintiff was released from her shackles and lodged at Central Booking where she was held in a cell and then transported in violation of her rights and without justification or cause to an interrogation room inside Central Booking. Scollard instructed her that he was going to interview her on video and attempted to coerce a confession from her and threatened that if she did not confess to the robbery during the video he would make her life very difficult.

19. Plaintiff again proclaimed her innocence, that she was in pain, that she felt sick and dizzy, and that she needed her medication that had been denied to her for more than12 hours. Scollard ignored her and forced her to proclaim her innocence once again while he videotaped the interrogation.

20. Once he was done, Scollard had plaintiff shackled hand and foot again, despite her protests that the shackles were causing her pain and suffering, and taken to Bellevue Hospital where she remained shackled for approximately four hours before she was given her medication.

21. Plaintiff was then escorted, still shackled, back to Central Booking where she spent the remainder of the night.

22. Plaintiff was arraigned on 7 October 2015, released on her own recognizance. Upon her subsequent return to court all charges against her were dismissed under New York Criminal Court Docket 2015NY065352.

23. A simple and proper police investigation prior to her arrest would have revealed that plaintiff was innocent and should never have been arrested in this case. Futhermore, plaintiff needed and deserved Scollard's protection. Instead Scollard violated her rights, and treated her as if she were less than human.

24. Plaintiff's arrest was committed without legal process and without probable cause. Scollard acted maliciously and intentionally, and is an example of gross police misconduct.

25. Plaintiff suffered injuries including but not limited to false arrest and imprisonment, emotional and physical trauma, harm and distress, mental anguish, fear, embarrassment, humiliation, loss of liberty, denial and neglect of proper medical treatment, psychological injury an suffering.

**FIRST CAUSE OF ACTION**
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

26. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

27. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

28. Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and and the New York State Constitution.

29. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

**SECOND CAUSE OF ACTION**
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

30. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

31. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

32. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

33. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

34. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

35. Defendant CITY OF NEW YORK has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

36. Defendants subjected Plaintiff to false arrest and false imprisonment, cruel and unusual punishment, unlawful conditions of confinement, negligence, denial of proper medical care, defamation, libel and slander, and all bad actions listed above.

37. Separate and apart from any bad acts, defendant CITY OF NEW YORK has damaged plaintiffs by its failure to adequately supervise and train its employees, agents or servants in the administration, supervision,

and treatment of plaintiff's medical needs. Defendants knew or should have known how to provide medical aid for plaintiff, whether personally or by a standard procedure for ensuring that plaintiff received medical aid.

38. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars.

## THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

39. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

40. Defendants illegally arrested plaintiff subjecting her to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

41. As a result of the foregoing, plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

42. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars.

## FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

43. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

44. Defendants illegally arrested Plaintiff, subjecting her to false arrest, imprisonment and deprivation of liberty without probable cause.

45. As a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and

effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

46. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendants in the amount of One Million ($1,000,000.00) Dollars.

## FIFTH CAUSE OF ACTION
### (DUE PROCESS VIOLATION)
### (EXCESSIVE FORCE)

47. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

48. Defendants unnecessarily and wantonly inflicted pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up her fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody.

49. As a result of the foregoing, defendants intentionally put plaintiff in fear and fright of imminent physical harm and plaintiff suffered pain unnecessarily.

50. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars.

## SIXTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

51. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

52. Defendants caused a false accusatory instrument to be filed against Plaintiff.

53. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

54. Defendants have deprived plaintiff of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

55. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### SEVENTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

56. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

57. Plaintiff was denied food, water, and phone calls at the precinct.

58. Plaintiff suffered from the lack of food and water and defendants did not care about her welfare.

59. Plaintiff was denied proper and timely medical treatment for no legitimate reason. Plaintiff informed defendants of her condition, informed defendants of her required medication, and requested she be allowed to have her medication with her from the time she was arrested in her home. There was no legitimate reason for defendants to deny her.

60. While cases involving the use and tightness of handcuffs are often subject to scrutiny, here defendants shackled plaintiff hand and foot throughout her custody without justification or cause, en route to a hospital, and while at Central Booking. Defendants knew the shackles were unnecessary; their only purpose was to harm and increase the harm to plaintiff, evidenced by the fact that they used them in conjunction with threats to coerce a false confession from plaintiff.

61. As a result of defendants' conduct, plaintiff suffered physical and physiological injuries.

62. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested.

63. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

### EIGHTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

64. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

65. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because she was required to appear in court after the misrepresentations were made.

66. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

67. As a result, plaintiff suffered the injuries as set forth within this complaint.

## NINTH CAUSE OF ACTION
(CRUEL and UNUSUAL PUNISHMENT)

68. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

69. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 2 OCTOBER 2018
New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff